## SMITH v. M'AFFEE AND SLOAN.

### December 11, 1835.

*Rule to show cause why the alias fieri facias should not be set aside.*

Where a defendant has been surrendered by his special bail, and has given bond to take the benefit of the insolvent laws, the plaintiff may, nevertheless, issue a *fieri facias,* and levy on the defendant's property.

THIS was an action on the case. A writ of *capias ad respondendum* was issued to the September return day of September term 1834. Special bail was entered on the 4th of September 1834. On the 27th of September 1834 the plaintiff entered a rule of reference, under the arbitration act of 1810. Arbitrators were duly appointed. On the 16th of September 1835, an award of arbitrators was filed in favour of the plaintiff for 133 dollars 51 cents, and judgment entered thereon.

On the 12th of October 1835 a bail piece was taken out by the special bail. On the 22d of October 1835 the bail piece was filed in the prothonotary's office, with the defendant M'Affee's discharge from custody annexed, he having given bond to apply, &c. for the benefit of the insolvent laws.

On the 28th of October 1835 the plaintiff issued a *fieri facias* to

[Smith v. M'Affee and Sloan.]

the November return day of September term 1835. It was returned "*nulla bona*." The plaintiff then, on the 4th of November 1835, issued an *alias fieri facias* to December term 1835, and caused a levy to be made on the personal property of the defendant, M'Affee.

On the 5th of November 1835 the defendant, M'Affee, obtained a rule to show cause why the *alias fieri facias* and the proceedings under it should not be set aside.

On the hearing of the rule, *Doran* contended, that the execution and subsequent proceedings were irregular, as the discharge of the defendant, on his giving bond to apply for the benefit of the insolvent laws, took from the plaintiff the right to issue a *fieri facias*. The surrender by the bail is to have the same effect as if the defendant were arrested on a *capias ad satisfaciendum* issued in this case, which may operate as satisfaction. And on giving bond to take the benefit of the insolvent laws, the custody of the law over the defendant's goods has attached.

*Jones, contra.*

The opinion of the Court was delivered by

PETTIT, *President.*—The act of the 28th of March 1820, is relied upon in support of this rule. Though the language is, *arrested,* or *held on a bail piece,* (phraseology which would not have been employed, had the section been penned by a lawyer) yet no new doctrine was intended to be asserted. In legal contemplation, the defendant, before surrender, is in the custody of his special bail, and when surrendered by the bail, he is restored to the position which he occupied when held by the sheriff under the original writ. It is when he is so surrendered that the defendant may give an insolvent bond, and obtain an order for his discharge from custody under the *capias ad respondendum,* as was done here ; or may at his election give new special bail, and, by becoming again in charge of such bail, obtain his release from the arrest by the sheriff. The case is very different from that of an arrest under a *capias ad satisfaciendum,* and a subsequent insolvent bond, where the practice, founded upon a distinct principle, has been to withhold from the plaintiff a writ of *fieri facias.* There is nothing in the terms of the act which deprives the plaintiff who has obtained a judgment, and has had no service of a *capias ad satisfaciendum,* of the right to proceed to levy upon the

[Smith v. M'Affee and Sloan.]

property of the defendant.    Full effect can be given to every part of the act without taking from a vigilant plaintiff, who has not committed himself by the use of a *capias ad satisfaciendum*, the advantage, in regard to the property of the defendant, which, upon the grounds of reason and sound policy, his judgment ought to afford to him.    Looking either to the letter or the spirit of the law, this rule must be discharged.

Rule discharged.(*a*)

(*a*)   See Davis *v.* Sommer, in this volume.